SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
41707 Winchester Road, Suite 201
Temecula, CA 92590
Telephone: (951) 293-4187
Fax: (888) 819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson (SBN 290473)
mwilson@meyerwilson.com
Michael J. Boyle, Jr. (SBN 258560)
mboyle@meyerwilson.com
305 W Nationwide Blvd.
Columbus, OH 43215
Telephone: (614) 224-6000
Fax: (614) 224-6066

*Attorneys for Plaintiffs Erika Maldonado and Cynthia Soriano and the proposed class*

## UNITED STATES DISTRCT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ERIKA MALDONADO and CYNTHIA SORIANO, individually and on behalf of all others similarly situated, | Case No.: |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| vs. | |
| BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING; and DOES 1 through 5, | |
| Defendants. | |

Plaintiffs Erika Maldonado and Cynthia Soriano, individually and on behalf of all

1

others similarly situated (hereinafter collectively referred to as "Plaintiffs"), allege on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF THE ACTION

1.　Plaintiffs bring this action against Defendant Broker Solutions, Inc. d/b/a New American Funding (hereafter "NAF"), alleging multiple and wide-spread violations of the California Labor Code with regard to its California employees and former employees.　These violations include: (a) failure to reimburse travel expenses, personal cellular telephone usage, and other business expenses; (b) improper classification of mortgage loan officers as "outside sales persons," and as a result failing to pay minimum wage for meal breaks and other non-sales time, and failure to pay overtime; (c) failure to pay wages on a timely basis, with proper documentation; and (d) failing to provide prompt payment of wages and other moneys due to separated employees.

2.　In addition to the California Labor Code violations, Defendants also violated the Fair Credit Reporting Act ("FCRA") with regard to its use of pre-employment employee background checks.　Specifically, the FCRA provides that a prospective employee must give consent to the background check, which includes both disclosure and authorization, where the authorization and disclosure forms must *stand alone*, without *any* extraneous information.　Defendants' disclosure form fails to do this because it contains information related to an unrelated rule governing mortgage loan officers.　See *Gilberg v. California Check Cashing Stores* (9th Cir. 2019) 913 F.3d 1169.

3.　On these bases, Plaintiffs seek to represent classes of similarly-situated individuals who have suffered material, concrete harm as a result of Defendants' misconduct.

## THE PARTIES

4.　Plaintiff Erika Maldonado is, and for all times relevant was, a citizen of the State of California.

5.　Plaintiff Cynthia Soriano is, and for all times relevant was, a citizen of the

**Class Action Complaint for Damages**

State of California.

6.      Defendant Broker Solutions, Inc. d/b/a New American Funding is a California Corporation with its principal place of business in Tustin, California.

7.      The true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as DOES 1 through 5 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiffs are informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible for the violative conduct alleged in this Complaint, and proximately caused Plaintiffs' damages.

## JURISDICTION & VENUE

8.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9.      In addition, the Court has supplemental jurisdiction over the State law claims of Plaintiffs pursuant to 28 U.S.C. § 1367.

10.      The Court has personal jurisdiction over the Defendant because it is headquartered in California, Defendant regularly transacts business in California, and the events giving rise to this cause of action occurred primarily within the State of California.

11.      Venue is proper in this District because the Court has personal jurisdiction over all parties, and the majority of events giving rise to this cause of action have their locus in this District.  Venue is appropriate in this Division because the Defendant has its headquarters in this Division, and the majority of events giving rise to this cause of action have their locus in this Division.

## FACTUAL ALLEGATIONS

12.      Plaintiff Maldonado was hired to start working for NAF on or about November 26, 2018 in the position of Sales Manager.

13.      Plaintiff Soriano was hired to start working for NAF on or about January

**Class Action Complaint for Damages**

13, 2020 in the position of Sales Manager.

14.    In both cases, Plaintiffs were provided by Defendants the document attached as Exhibit A to this complaint prior to their hiring.

15.    Exhibit A purports to disclose and require Plaintiffs to consent to a background check as part of the employment hiring process. However, the "consent" form included other disclosures in addition to the disclosed requirement of a background check. The disclosure form was not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" as required by section 1681b(b)(2)(A)(i) for the FCRA.

16.    More specifically, Exhibit A unlawfully included the following improper and extraneous language that distracts the consumer from the purpose of the stand-alone disclosure, which is simply to inform the consumer "that a consumer report may be obtained for employment purposes":

> Pursuant to the NMLS S.A.F.E. Mortgage Licensing Act, Mortgage Loan Originator (MLO) applicants are required to have demonstrated financial responsibility, character, and general fitness such as to command the confidence of the community and to warrant a determination that applicants will operate honestly, fairly, and effectively. The SAFE Act further requires MLO applicants to submit to fingerprint / background checks and prohibits licensing of an MLO who has ever been convicted of a felony involving an act of fraud, dishonesty, breach of trust, or money laundering, or convicted of any felony in the seven year period before filing an application for an endorsement, OR who has ever had a loan originator license revoked in any governmental jurisdiction.

17.    Defendants knew or should have known that its form, which did not contain a stand-alone disclosure, was in violation of the FCRA.  The statutory language of section 1681b(b)(2)(A) is clear that no entity can procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a

**Class Action Complaint for Damages**

document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).  The case law is likewise clear: *Gilberg v. California Check Cashing Stores* (9th Cir. 2019) 913 F.3d 1169.

18.    As a result of Defendants' failure to comply with the disclosure and authorization requirements of the FCRA, Plaintiffs suffered concrete harm—they were deprived of the disclosure that was necessary for them to give informed consent to a background check. In subsequently obtaining Plaintiffs' background report without proper authorization, Plaintiffs suffered additional harm when their statutory rights to privacy were invaded.

19.    In addition, during the relevant time period, Defendants have required all salespersons, regardless of position title, to utilize in the discharge of necessary work duties their personal cellular telephones, including personal cellular telephone service, and to also utilize their personal vehicles to meet with customers and potential customers and to inspect homes and properties, and to also utilize personal home office equipment such as computers and printers and printer ink and paper.

20.    Further, Defendants required Plaintiffs and all salespersons, regardless of position or title, to pay out of pocket for their own annual fingerprinting, annual background checks, annual training registration costs, and annual licensing renewal fees, all of which were required to maintain their licensing to perform the work necessary for Defendants.

21.    However, Defendants had, and continue to have, a policy and/or practice of failing to provide any reimbursement or stipend to any salespersons, including Plaintiffs and members of Class B (as defined below), for any reimbursement of such personal expenses.

22.    Also during the relevant time period, Defendants had, and continue to have, a policy and/or practice of misclassifying commission-based employees, including Plaintiffs and members of Class C (as defined below), as "outside sales persons" in an effort to avoid having to provide Plaintiffs and members of Class C with protections

they were and are entitled to under California state wage and hour laws.

23.   Under Defendants' pay plan, Plaintiffs and other members of Class C were, and are, paid a monthly commission based on the amount of loans that closed in a given month.  Defendants provided to Plaintiffs and other members of Class C a pre-determined, up-front advance at the beginning of each month, but then deducted (i.e. "clawed back") those advances from commissions paid each month.

24.   The pre-determined, up-front advance each month was not sufficient to pay Plaintiffs and other members of Class C any overtime for hours worked more than 8 hours per day or more than 40 hours per week, was not sufficient to pay Plaintiffs and other members of Class C any premium wages owed for missed meal and rest breaks, and did not reflect a proper hourly wage for all hours worked.

25.   Furthermore, IWC Wage Order No. 4(2)(M) provides the conditions under which an employee may be deemed exempt as a bona fide "outside salesperson."  An employer must prove that all of the following criteria are met for an employee to qualify for the outside salesperson exemption: (1) A person 18 years of age or over, (2) who customarily and regularly works more than half the working time away from the employer's place of business, and (3) the working time away from the business is spent selling tangible or intangible items or obtaining orders or contracts for products, services, or use of facilities.

26.   Additionally, the courts evaluate four factors in considering a disputed classification under California law.  In *Ramirez v. Yosemite Water Co.* (1999) 20 Cal. 4th 785, 803, the Court stated:

> A trial court, in determining whether the employee is an outside salesperson, must … inquire into the *realistic* requirements of the job. In so doing, the court should consider, first and foremost, how the employee actually spends his or her time.  But the trial court should also consider whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the

actual overall requirements of the job.   (emphasis in original.)

27.   Plaintiffs and other members of Class C were not employed in an "outside salesperson" capacity within the meaning of IWC Order No. 4, and therefore were misclassified by Defendants as exempt from wage and hour protections, because Plaintiffs and members of Class C did not spend more than half of their working time away from Defendants' place of business selling or obtaining orders.

28.   Instead, Plaintiffs and members of Class C spend the vast majority of their time (approximately 75-80%) performing *non-sales* tasks, including administrative tasks such as obtaining non-sales related paperwork, to obtain signatures on non-sales related paperwork, attending meetings and trainings, responding to emails and voicemails for non-sales issues, recruiting and training other new loan officers, and making non-sales related phone calls.

29.   Defendants had, and continue to have, a policy and/or practice of requiring all salespersons to pay 10% of every loan towards a "loan assistant" who was supposed to help the salespersons with these non-sales administrative tasks, but this "loan assistant" was never provided, which resulted in Plaintiffs and members of Class C having to perform all administrative tasks, even after they had completed a sale.  But Plaintiffs and members of Class C still lost the mandatory 10% that was paid to Defendants for no reason other than enriching Defendants at Plaintiffs' and members of Class C's expense.

30.   Plaintiffs and members of Class C often work, in a regular week, upwards of 50-60 hours, with only approximately 8-10 of those hours in direct sales-related activities.

31.   Despite working upwards of 50-60 hours per week on a regular basis, Plaintiffs and members of Class C were paid 100% via commission and never received any hourly wages or salary.

32.   In violation of Labor Code §§1194 and 1197, Defendants failed to pay

Plaintiffs and other class members for non-sales work time, including mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and engaging in administrative tasks.

33.   Plaintiffs and members of Class C never received any overtime pay for any hours worked in excess of 8 hours per day nor for any hours worked in excess of 40 hours per week.

34.   Plaintiffs and members of Class C were never provided the opportunity to take meal or rest breaks, and have never been paid any premium pay for any missed meal or rest breaks.

35.   During pay-periods when Plaintiffs and members of Class C did not make enough commission to equate to at least a minimum wage, Defendants were obligated to, but failed to, pay Plaintiffs and members of Class C a wage of at least minimum wage.

36.   Furthermore, Plaintiffs and members of Class C were not paid for all hours worked, because all hours worked were not recorded or documented in any way.

37.   Although Plaintiffs both quit working for Defendants effective June 2, 2020, Defendants continue to employ hundreds of commission-based employees throughout California and, upon information and belief, continue to misclassify such persons as exempt employees.

38.   Plaintiffs both gave more than 72 hours' notice of their resignation.

39.   However, Defendants terminated both Plaintiffs short of their noticed date of resignation.

40.   Despite being terminated, Plaintiffs did not receive all wages or compensation owed to them promptly at the time of their termination.

41.   Plaintiffs are informed and believe that at all times herein mentioned Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California labor and wage law, employment and

1    personnel practices, and about the requirements of California law.

2        42.    Plaintiffs are informed and believe, and thereon allege, that at all times

3    during the relevant time period, Defendants engaged in a systematic business practice

4    and policy of misclassifying Plaintiffs and other members of Class C as exempt from

5    the requirements of the California Labor Code and the applicable IWC Wage Orders.

6    As mentioned above, the majority of Plaintiffs' and class members' working time

7    outside of the office was spent performing non-sales-related tasks. Defendants willfully,

8    knowingly, and intentionally misclassified Plaintiffs and members of Class C and

9    falsely represented to Plaintiffs and members of Class C that they were properly

10   classified, all in order to avoid paying wages and to increase Defendants' profits.

11       43.    Plaintiffs are informed and believe, and thereon allege, that Defendants

12   knew or should have known that they were obligated to separately compensate

13   Plaintiffs and class members for rest periods and other nonproductive time when paying

14   them on a commission basis at their regular rate of pay. In violation of California law,

15   Defendants failed to separately compensate Plaintiffs and class members for rest

16   periods and other nonproductive time.

17       44.    Plaintiffs are informed and believe, and thereon allege, that Defendants

18   knew or should have known that Plaintiffs and class members were entitled to receive at

19   least minimum wages for compensation and that they were not receiving at least

20   minimum wages for work that was required to be done off-the-clock. In violation of the

21   California Labor Code, Plaintiffs and class members were not paid at least minimum

22   wages for work done off-the-clock.

23       45.    Plaintiffs are informed and believe, and thereon allege, that Defendants

24   knew or should have known that Plaintiffs and class members were entitled to meal

25   periods in accordance with the Labor Code or payment of one (1) additional hour of pay

26   at their regular rates of pay when they were not provided with timely, uninterrupted,

27   thirty (30) minute meal periods and that Plaintiffs and class members were not provided

28   with all meal periods or payment of one (1) additional hour of pay at their regular rates

9

**Class Action Complaint for Damages**

of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

46. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period. In violation of the California Labor Code, Plaintiffs and class members were not authorized and permitted to take compliant rest or meal periods, nor did Defendants provide Plaintiffs and class members with payment of one (1) hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest or meal period.

47. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the Labor Code, Plaintiffs and class members were not provided complete and accurate wage statements.

48. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Orders, but willfully, knowingly, and intentionally failed to do so.

49. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiffs and class members did not receive payment of all wages, including but not limited to, minimum wages, compensation for rest periods and other nonproductive time, and/or meal and rest period premiums, within permissible time periods.

50. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to payment

of wages as designated by statute. In violation of the California Labor Code, Defendants secretly paid Plaintiffs and class members lower wages than required by statute while purporting to pay them proper wages.

51.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

52.    Plaintiffs are informed and believe, and thereon allege, that at mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely order to increase Defendants' profits.

53.    Defendants' conduct, as alleged herein, has caused Plaintiffs and Class members damages including, but not limited to, loss of wages and compensation. Defendants are liable to Plaintiffs and Class members for failing to pay wages and expense reimbursement, as well as failing to pay all wages owed on each pay period, failure to pay all wages owed upon termination, and unfair competition.

54.    Plaintiffs are members of and seek to be the representatives for the Classes of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## **CLASS ALLEGATIONS**

55.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

56.    Plaintiffs bring this action on behalf of the following classes, as set forth below, pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3):

**Class A:** All natural persons residing within the United States and its

**Class Action Complaint for Damages**

Territories with respect to whom, within two years prior to the filing of this action and extending through the resolution of this action, DEFENDANTS procured or caused to be procured a consumer report for employment purposes.

**Class B:**  All natural persons who were employed by Defendant within the State of California at any point within the past three years prior to the filing of this action and extending through the resolution of this action.

**Class C**: All natural persons who were employed by Defendant within the State of California at any point within the past three years prior to the filing of this action and extending through the resolution of this action and who were classified as outside salespersons by Defendant.

**Class D:**  All natural persons who were employed by Defendant within the State of California at any point within the past three years prior to the filing of this action and extending through the resolution of this action, and who are no longer employed by Defendant.

**Class E:**  All natural persons who were employed by Defendant within the State of California at any point within the past four years prior to the filing of this action and extending through the resolution of this action.

57.     The term "Class" includes Plaintiffs and all members of each Class.

58.     Plaintiffs Maldonado and Soriano are members of, and will fairly and adequately represent and protect the interests of, Classes A, B, C, D, and E.  Neither Plaintiff has any interests that conflict with any of the Class Members.

59.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

60.     The proposed Classes are easily ascertainable through the records Defendants are required to keep.

61.     The members of each Class are so numerous that individual joinder of all of them as plaintiffs is impracticable. While the exact number of the Class members is

**Class Action Complaint for Damages**

unknown to Plaintiff at this time, Plaintiff is informed and believes, and thereon alleges, that there are potentially hundreds, if not thousands of potential class members.

62.  The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

63.  Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

a.  Whether DEFENDANTS violated Section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without obtaining a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes;

b.  Whether Plaintiffs and members of Class A are entitled to damages for DEFENDANTS' violations of Section 1681b(b)(2);

c.  Whether employees of DEFENDANTS were required to travel as a part of their job duties;

d.  Whether DEFENDANTS reimbursed its employees for mileage and other travel expenses as part of their job duties;

e.  Whether employees of DEFENDANTS were required to use their personal cellular telephones as a part of their job duties;

f.  Whether DEFENDANTS reimbursed its employees for the use of their personal cell phones as part of their job duties;

g.  Whether employees of DEFENDANTS were required to pay out of pocket for background checks, fingerprinting, trainings, and licensing renewal as part of their job duties;

h.  Whether DEFENDANTS reimbursed its employees for personal expenses related to background checks, fingerprinting, trainings, and licensing renewal;

13

i.  Whether Plaintiffs and members of Class B are entitled to reimbursement for mileage, cellular telephone costs, and costs related to background checks, fingerprinting, trainings, and licensing renewal;

j.  Whether mortgage loan officers employed by DEFENDANTS are properly classified as outsider salespersons pursuant to IWC Wage Order 4(2)(M);

k.  Whether Plaintiffs and members of Class C were provided the opportunity to take full and uninterrupted meal and rest breaks pursuant to IWC Wage Order 4;

l.  Whether Plaintiffs and members of Class C are entitled to compensation for missed, untimely, or interrupted meal and rest breaks;

m.  Whether Plaintiffs and members of Class C were entitled to receive minimum wage compensation for all hours worked;

n.  Whether Plaintiffs and members of Class C received minimum wage compensation for all hours worked;

o.  Whether Plaintiffs and members of Class C were entitled to receive overtime wages compensation for all hours worked in excess of 8 hours per day or 40 hours per week;

p.  Whether Plaintiffs and members of Class C received overtime wages compensation for all hours worked in excess of 8 hours per day or 40 hours per week;

q.  Whether Plaintiffs and members of Class C were entitled to complete and accurate wage statements reflecting all wages earned and owed;

r.  Whether Plaintiffs and members of Class C received complete and accurate wage statements reflecting all wages earned and owed;

s.  Whether Plaintiffs and members of Class D were entitled to their final wages promptly upon termination or within 72 hours of resignation;

t.  Whether Plaintiffs and members of Class D were paid their final wages promptly upon termination or within 72 hours of resignation;

**Class Action Complaint for Damages**

u.  Whether DEFENDANTS engaged in unlawful conduct in violation of the Labor Code as defined by Business and Professions Code § 17200 *et seq.* as to Plaintiffs and Class E;

v.  Whether DEFENDANTS violated Business and Professions Code § 17200 *et seq.* by engaging in an unlawful, unfair and/or fraudulent business act or practice as to Plaintiffs and Class E;

w.  Whether DEFENDANTS is obligated to pay Plaintiffs attorneys' fees.

64.   As employees of DEFENDANTS during all relevant time periods, Plaintiffs' claims are typical of the claims of the other members of each Class.

65.   Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially those involving labor and privacy disputes.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

66.   A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to seek and obtain individual relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue injunctive remedies and recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

67.   Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Class Action Complaint for Damages**

**FIRST CAUSE OF ACTION**
**FAILURE TO OBTAIN PROPOER AUTHORIZATION IN VIOLATION OF THE FCRA**
**Violations of 15 U.S.C. § 1681b(b)(2)(A)(ii)**

68.     Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.  Plaintiffs bring this cause of action on behalf of themselves and all members of Class A.

69.     Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by procuring, or causing to be procured, consumer reports relating to Plaintiffs and other Class members, without proper authorization. By failing to require the disclosure and authorization forms to contain a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, Defendants failed to obtain proper authorization from Plaintiff and Class members.

70.     Defendants' violations were willful. Defendants acted in deliberate disregard of its obligations and the rights of Plaintiffs and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

71.     Defendants caused Plaintiffs and Class members to suffer concrete harm and damages by not insisting that the individuals for whom NAF was obtaining background information were fully aware of their rights and protections under the FCRA.     Defendants was obtaining background information were fully aware of their rights and protections under the FCRA. Plaintiffs and Class members suffered further concrete harm when their privacy was invaded by the procurement of their consumer without proper consent and authorization.

72.     Plaintiffs and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A).

73.     Additionally, Plaintiffs and Class members seek an injunction and/or

16

corresponding declaratory relief stipulating that Defendants may not procure or cause to be procured a copy of the prospective employee's consumer report without first obtaining proper authorization and consent from the prospective employee.

## SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES
### Violations of Labor Code § 2802

74.    Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.  Plaintiffs bring this cause of action on behalf of themselves and all members of Class B.

75.    Labor Code § 2802 states, in relevant part, that "[a]n employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

76.    Any agreement that purports to waive or exempt the employer from the provisions of Labor Code § 2802 is void and unenforceable.  *See* Labor Code § 2804.

77.    Mileage and other travel-related expenses incurred by employees in the course of their job duties are "necessary expenditures" for purposes of Labor Code § 2802.  *See Gattuso v. Harte-Hanks Shoopers, Inc.* (2007) 42 Cal.4th 554, 562 (noting that, in the legislative history of Labor Code § 2802, "if an employer requires an employee to travel on company business, the employer must reimburse the employee for the cost of travel under Section 2802.")

78.    As part of their job responsibilities, Plaintiffs and Class Members were required to travel, using personal vehicles, to meet with potential customers and finalize loan agreements.

79.    Defendants did not reimburse Plaintiffs and Class Members for their travel expenses, in violation of Labor Code § 2802.

80.    Moreover, Plaintiffs and Class Members were obligated to use their personal cell phones to make work-related calls, without reimbursement.  This, too, is a violation of Labor Code § 2802.  *See Cochran v. Schwan's Home service, Inc.* (2014)

17

228 Cal.App.4th 1137, 1140 ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them.")

81.     Moreover, Plaintiffs and Class Members were obligated to pay out of pocket for annual fingerprinting, annual background checks, annual licensing renewal, and training programs, but without reimbursement.

82.     Pursuant to Labor Code § 2802, Plaintiffs and Class Members are entitled to full and complete reimbursement of all personal expenses incurred in the course of their job duties.

83.     In addition, pursuant to Labor Code § 2802(c), Plaintiffs and Class Members are entitled to payment of attorneys' fees incurred in bringing this action.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
**Violations of Labor Code §§ 510, 1194, 1194.2, & 1197; IWC Wage Order No. 4.**

84.     Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.  Plaintiffs bring this cause of action on behalf of themselves and all members of Class C.

85.     Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."

86.     Labor Code § 1194(a) states "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

87.     Likewise, Labor Code § 1197 states "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

88.   Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

89.   Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

90.   Plaintiffs and members of Class C do not, and have not at any point in time within the class period, receive any non-commission compensation of any sort.

91.   IWC Wage Order 4 applies to "to all persons employed in professional, technical, clerical, mechanical, and similar occupations whether paid on a time, piece rate, commission, or other basis," unless covered by an exception.  *See* IWC Wage Order 4(1).

92.   IWC Wage Order 4 exempts "outside salespersons." *See* IWC Wage Order 4(1)(C).

93.   An "outside salesperson," as defined in the Wage Order, is someone "who customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities."  IWC Wage Order 4(2)(M).

94.   As set forth above, Plaintiffs and members of Class C do not qualify as outside salespersons under Wage Order 4, because they majority of their time is spent within the office handling administrative tasks.

95.   Plaintiffs and Class members were required to work non-selling time for which they were not compensated in violation of California's minimum wage laws. This includes, but is not limited to, performing administrative tasks, attending mandatory meetings, loan processing, training and coaching sessions, loan tracking,

**Class Action Complaint for Damages**

customer surveys, attending open houses, attending events, and working on nights and weekends.

96.   At all times relevant, Plaintiffs and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked but not compensated.

97.   For all hours that Plaintiffs and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

98.   At all times relevant, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Class member the amounts owed.

99.   This required compensation must be paid in addition to, and without any offset from, commission-based compensation.  *Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal.App.5th 98, 214 Cal.Rptr.3d 661.

100.  In addition, Plaintiffs and members of Class C seek attorneys' fees pursuant to Labor Code § 1194(a).

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**Violations of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001**

101.  Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.  Plaintiffs brings this cause of action on behalf of themselves and all members of Class C.

102.  California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

103.  Pursuant to Wage Order 4, an employer is required to compensate an employee, in an amount at least equal to the minimum wage, for rest and meal breaks. *See* IWC Wage Order 4(11)(B) (requiring one hour of compensation per work-day for

**Class Action Complaint for Damages**

meal periods); IWC Wage Order 4(12)(B) (requiring one hour of compensation per work day for rest periods).  Thus, Plaintiffs and members of Class C are entitled to, at a minimum, two hours of compensation per work-day.

104.  As alleged herein, Defendants failed to provide meal and rest breaks during the Class period. Defendants paid Plaintiffs and class members based on a commission, and did not separately compensate them for their time and did not pay any premium wages for missed/untimely/interrupted meal and rest breaks.

105.  By their actions, Defendants violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

106.  Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

107.  As a direct and proximate result of Defendants' unlawful action, Plaintiffs and the Class have been deprived of timely and uninterrupted meal and rest periods and/or were not paid for missed/untimely/interrupted meal and rest periods, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME COMPENSATION**
**Violations of Lab. Code §§ 210, 510, 1194**

108.  Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.  Plaintiffs brings this cause of action on behalf of themselves and all members of Class C.

109.  California law requires an employer to pay each employee accurately.  If hourly, the employer is required to compensate the employee for the actual hours

**Class Action Complaint for Damages**

worked, including all overtime compensation.  (See Cal. Labor Code §§ 210, 510, 1194).

110.  Pursuant to Wage Order 4-2001, § 2(G) "hours worked" include the time during which an employee is "subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

111.  For each hour (or fraction thereof) an employee works up to forty (40) hours in a week and eight (8) hours in a day, the employer must pay the employee's regular hourly wage.  For each hour (or fraction thereof) an employee works over forty (40) hours in a week or in excess of eight (8) hours in a workday the employer must pay the rate of one and a half times the employee's regular hourly wage.

112.  For each hour (or fraction thereof) an employee works in excess of twelve (12) hour in one day or in excess of eight (8) hours a day on the seventh consecutive day of work, the employee must be compensated at the rate of no less than twice the regular rate of pay for that employee.

113.  As alleged in this Complaint, Plaintiffs and Class members worked many hours for which they were not properly compensated at an overtime rate.

114.  Defendants required, encouraged, and permitted Plaintiffs and Class members to work more than eight (8) hours a day and more than forty (40) hours a week, but without paying compensation at overtime rates.

115.  In committing, the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and Class members for all wages earned and all hours worked, including overtime compensation.

116.  As a direct result, Plaintiffs and Class members has suffered, and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under state law, all to their respective damage in amounts according to proof at trial.

**Class Action Complaint for Damages**

117. In addition, Plaintiffs and members of Class C seek attorneys' fees pursuant to Labor Code § 1194(a).

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT SEPARATION
### Violations of Lab. Code §§ 201, 20, 203

118. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein. Plaintiffs brings this cause of action on behalf of themselves and all members of Class D.

119. California Labor Code §§ 201 and 202 requires Defendants to pay all compensation due and owing to former mortgage salespersons at or around the time employment is separated. Pursuant to Section 201(a), when an employee is discharged, the wages earned and unpaid are due and payable immediately. Pursuant to Section 202(a), for those who resign, the time period for such payment cannot exceed 72 hours after resignation.

120. Here, Plaintiffs both gave more than 72 hours' notice of resignation.

121. However, Defendants terminated Plaintiffs short of their noticed resignation date, but did not pay them their earned and unpaid final wages promptly upon termination.

122. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

123. At all times relevant during the liability period, Plaintiffs and the other members of the Class were employees of Defendants covered by Labor Code § 203.

124. Plaintiffs and the Class were not paid for their work performed, as set forth herein, including minimum wage for non-sales time, overtime pay, or their proper commission for certain loans.

125. Defendant willfully failed to pay Plaintiffs and other members of the Class

**Class Action Complaint for Damages**

who are no longer employed by Defendants for their uncompensated hours, uncompensated overtime, and for other items alleged herein upon their termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202. As a result, Defendants are liable to Plaintiffs and other members of the Class who are no longer employed by Defendants for all wages or compensation owed, as well as waiting time penalties amounting to thirty days wages for Plaintiffs and each such Class member pursuant to California Labor Code § 203.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES TIMELY DURING EMPLOYMENT**
**Violations of Lab. Code § 204**

126.  Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.  Plaintiffs brings this cause of action on behalf of themselves and all members of Class C.

127.  All wages earned during employment must be paid in a timely manner in compliance with Labor Code § 204.

128.  Defendants failed to timely pay wages for all hours worked each pay period, wages owed for all overtime hours worked each pay period, and failed to pay missed meal and rest break premiums each pay period.

129.  Plaintiffs and Class members still have not been fully compensated for these wages to date.

130.  The penalties for violating section 204 are set forth in Labor Code section 210.  "[E]very person who fails to pay the wages of each employee as provided in Sections . . . 204 . . . shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

131.  Through the above-mentioned conduct, Defendants' failure to pay timely

**Class Action Complaint for Damages**

1   wages during employment caused injury to Plaintiffs and Class members.

2       132.  Such conduct was willful or intentional within the meaning of Cal. Labor

3   Code §210(a)(2), and entitles Plaintiffs and Class members to recover such penalties

4   and liquidated damages.

5       133.  For Defendants' misconduct as alleged herein, Plaintiffs and Class

6   members seek all damages, civil and statutory penalties, costs and attorneys' fees,

7   including but not limited to those available pursuant to Labor Code §§ 210(a) and

8   218.5, in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION
### FAILURE TO PROVIDE COMPLIANT WAGE STATEMENTS
### Violations of Lab. Code §§ 226, 226.3, 246, 247.5

12      134.  Plaintiffs repeat, re-allege, and incorporate by reference all other

13  paragraphs, as if fully set forth herein.  Plaintiffs brings this cause of action on behalf of

14  themselves and all members of Class C.

15      135.  Labor Code § 226(a) requires, in pertinent part, that "Every employer shall,

16  […] furnish each of her or her employees, […], an accurate itemized statement in

17  writing showing (1) gross wages earned, (2) total hours worked by the employee,

18  […](4) all deductions, […] (5) net wages earned, (6) the inclusive dates of the period

19  for which the employee is paid, (7) the name of the employee and her or her social

20  security number, […], (8) the name and address of the legal entity that is the employer,

21  and (9) all applicable hourly rates in effect during the pay period and the corresponding

22  number of hours worked at each hourly rate by the employee [. . .]."  (Labor Code § 226

23  subdivision (a).)

24      136.  Subdivision (e)(1) provides liquidated damages as follows: "An employee

25  suffering injury as a result of a knowing and intentional failure by an employer to

26  comply with subdivision (a) is entitled to recover the greater of all actual damages or

27  fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

28  dollars ($100) per employee for each violation in a subsequent pay period, not to

**Class Action Complaint for Damages**

1    exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

2    award of costs and reasonable attorney's fees."

3        137.  Here, Defendants knowingly and intentionally failed to provide to Plaintiffs

4    and Class members accurate wage statements containing all of the required and

5    applicable information set forth under Labor Code § 226, including accurate

6    information regarding hours worked to where an hourly wage was earned, hours

7    worked that entitle overtime compensation, and meal and rest break premium payments

8    earned.

9        138.  The above-mentioned inaccuracies and the failure to provide Plaintiffs with

10   wage and earning statements caused injury to Plaintiffs and Class members within the

11   meaning of Labor Code § 226.

12       139.  For Defendants' misconduct as alleged herein, Plaintiffs and Class

13   members seek all damages, civil and statutory penalties, costs and attorneys' fees,

14   including but not limited to those available pursuant to Labor Code § 226(e), in an

15   amount to be proven at trial.

16   **NINTH CAUSE OF ACTION**

17   **Violations of Business & Professions Code §§ 17200 *et seq.***

18       140.  Plaintiffs repeat, re-allege, and incorporate by reference all other

19   paragraphs, as if fully set forth herein.  Plaintiffs brings this cause of action on behalf of

20   themselves and all members of Class E.

21       141.  Bus. & Prof. Code § 17200 states, in relevant part, that:

22       [U]nfair competition shall mean and include any unlawful, unfair or

23       fraudulent business act or practice and unfair, deceptive, untrue or

24       misleading advertising and any act prohibited by Chapter 1 (commencing

25       with Section 17500) of Part 3 of Division 7 of the Business and Professions

26       Code.

27       142.  Defendants' acts, conduct, and practices, as alleged herein, were unlawful

28   in that Defendants' conduct violated the sections of the Labor Code as set forth in the

**Class Action Complaint for Damages**

preceding causes of action.

143.  The injury to Plaintiff and Class members greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances, and served no purpose but to benefit Defendants' financially.

144.  There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

145.  Because Defendants have violated the unfair competition law, Bus. & Prof. Code §§ 17200, *et seq.,* an action under Bus. & Prof. Code § 17206 is proper and necessary to prevent Defendants from continuing to engage in further improper and unlawful employment practices.

146.  As a result of Defendants' unlawful, unfair and fraudulent business practices, Plaintiffs and Class members have suffered injury in fact and have lost money or property.  Pursuant to California Bus. and Prof. Code § 17203, Plaintiffs and Class members are therefore entitled to equitable relief, including restitution of all monies paid to and/or received by Defendants; disgorgement of all profits accruing to Defendants because of its unfair and improper business practices; a permanent injunction enjoining Defendants from its unfair business activities; and any other equitable relief the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated and also on behalf of the general public, pray for judgment against Defendants as follows:

A. An order certifying the proposed classes herein under Federal Rule 23 and appointing Plaintiff and his undersigned Counsel as representatives of record to represent the same;

B. As a result of Defendants' willful violations of 15 U.S.C. § 1681b(b)(2)(A)(i), for themselves and each member of Class A damages, as provided by statute, of between $100 and $1,000 per violation;

C. For all unpaid wages and liquidated damages due to Plaintiffs and each Class

**Class Action Complaint for Damages**

member on their wage claims;

D. For premium pay owed for each missed meal or rest period;

E. For all reimbursement for necessary business expenses;

F. For all applicable statutory penalties under the Labor Code;

G. For restitutionary disgorgement pursuant to the UCL;

H. An order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

I. Prejudgment interest at the maximum legal rate;

J. Reasonable attorneys' fees;

K. Accounting of Defendants' records for the liability period;

L. General, special and consequential damages, to the extent allowed by law;

M. Costs of suit; and

N. Such other relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

[SIGNATURES TO FOLLOW]

**Class Action Complaint for Damages**

DATED: October 2, 2020

/s/ *Jared M. Hartman*
SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
41707 Winchester Road, Suite 201
Temecula, CA 92590
Telephone: (951) 293-4187
Fax: (888) 819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson
Michael J. Boyle, Jr.
305 W Nationwide Blvd.
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile: (614) 224-6066
Email:  mwilson@meyerwilson.com
          mboyle@meyerwilson.com

**Class Action Complaint for Damages**